# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL CLARK,

    *Plaintiff*,

vs.

RENE GALVAN,

    *Defendant*.

2:09-cv-02338-JCM-PAL

ORDER

This removed *pro se* prisoner civil rights action by an inmate in the custody of the Nevada Department of Corrections ("NDOC") comes before the Court for initial review under 28 U.S.C. § 1915A.

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff.  *See, e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).  However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-51 & 1954, 173 L.Ed.2d 868

1    (2009).  That is, bare, naked and conclusory assertions that merely constitute formulaic
2    recitations of the elements of a cause of action and that are devoid of further factual
3    enhancement are not accepted as true and do not state a claim for relief.  *Id.*  Allegations of
4    a *pro se* litigant are held to less stringent standards than are formal pleadings by lawyers.
5    *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

6          In the state court complaint, plaintiff Michael Clark alleges that Correctional Officer
7    Galvan acted with deliberate indifference to an excessive risk to his health or safety.
8    According to the allegations of the complaint, which are accepted as true only for purposes
9    of the present review, on or about June 26, 2009, Galvan was operating a cart car to transport
10   Clark.  Galvan started moving the cart car before Clark had fully seated himself.  This caused
11   Clark to slide around in the cart car and burn his leg against a hot steel plate in the car.  Clark
12   asked Galvan to stop the car because he was injured, but Galvan ignored Clark's request and
13   instead sped up, reflecting indifference to whether he was injuring Clark.  The burn injury
14   required medical care.  Plaintiff seeks monetary damages from Galvan as the sole defendant
15   named in the complaint.

16         The foregoing allegations state a claim for deliberate indifference to inmate health or
17   safety in violation of the Eighth Amendment.  *See,e.g., Simmons v. Navajo County, Arizona*,
18   609 F.3d 1011, 1017-18 (9th Cir. 2010)(plaintiff must present factual allegations tending to
19   establish that the defendant official knew of and disregarded an excessive risk to inmate
20   health or safety).

21         A response accordingly will be ordered.

22         IT THEREFORE IS ORDERED that defendant shall file and serve an answer or other
23   response to the complaint within forty-five (45) days of entry of this order, as per ## 12 & 21.

24         IT IS FURTHER ORDERED that henceforth, plaintiff shall serve upon defendant's
25   counsel a copy of every pleading, motion or other paper submitted for consideration by the
26   Court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the
27   date that a true and correct copy of the document was mailed to defendant's counsel, directed
28   to the individual attorney named in the most recent notice of appearance, at the address

1    stated therein.  The Court may disregard any paper received by a district judge or magistrate

2    judge which has not been filed with the Clerk, and any paper received which fails to include

3    a certificate of service.

4                    DATED this 4th day of November, 2010.

7

8                             PEGGY A. LEEN
                            United States Magistrate Judge