UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MICHAEL CLARK,

    Plaintiff,

v.

OFFICER GALVAN,

    Defendant.

2:09-CV-2338 JCM (PAL)

**ORDER**

Presently before the court is defendant officer Rene Galvan's motion to dismiss/motion for summary judgment. (Doc. #29). Plaintiff Michael Clark filed an opposition. (Doc. #33). Defendant filed a reply. (Doc. #34).

Also before this court is defendant's motion for leave to file Exhibit B-1 *in camera* (doc. #28) and notice of *in camera* submission (doc. #31).

Plaintiff filed his complaint (doc. #1-1) in the Eighth Judicial District Court of the State of Nevada on October 26, 2009. Defendant removed the action to this court on December 10, 2009. (Doc. #1). Plaintiff was an inmate at the Southern Desert Correctional Center when he was allegedly burned while being pushed in a cart that was hot from being left out in the sun. (Doc. #33). He asserts that when defendant Galvan operated the cart, he acted with deliberate indifference to plaintiff's health or safety. In the present motion to dismiss (doc. #29), defendant contends that dismissal is appropriate because (1) plaintiff failed to exhaust administrative remedies available to him, (2) plaintiff failed to state a cognizable action under 42 U.S.C. § 1983, and (3) defendant is entitled to qualified immunity.

**James C. Mahan**
**U.S. District Judge**

**Motion For *In Camera* Submission**

To support his motion (doc. #29), defendant asks this court for leave to file Exhibit B-1 (doc. #30-1), plaintiff's one page medical record, *in camera.* Pursuant to NRS 629.061 and Administration Regulation 639 (doc. #28-1 Exhibit A), prisoner medical records are confidential documents, and are treated as such to protect the prisoner's confidentiality. The inmate may waive this, but a waiver of this sort has not been provided by the plaintiff. Defendant seeks to file plaintiff's medical records (doc. #30-1) *in camera* to "prevent their entry into the public record and to protect [p]laintiff's confidentiality." (Doc. #28).

As plaintiff may not possess copies of his records in his cell pursuant to Administrative Regulation 639, defendant asserts that he will send copies to the correctional center where plaintiff is housed, with instructions to permit the plaintiff to review the exhibit by appointment. (Doc. #28). In the notice of *in camera* submission (doc. #31), the defendant gives notice to the court that Exhibit B-1 (doc. #30-1) was submitted *in camera,* and that it was sent to the Northern Nevada Correctional Center for plaintiff to view by contacting the warden's office. In order to maintain the confidentiality of plaintiff's medical records, this court is inclined to grant the defendant's motion for leave to file the exhibit *in camera.*

**Motion To Dismiss**

In the defendant's motion to dismiss (doc. #29), he provides the court with a factual history of the case, including the events that occurred on the day of the incident and with regards to filing grievances with the prison officials. Defendant asserts that the complaint should be dismissed because, among other reasons, plaintiff failed to exhaust all of the administrative remedies as required under 42 U.S.C. § 1997e(a).

When a prisoner is seeking relief under § 1983, such as here, he must prove that he has exhausted all available administrative remedies prior to bringing suit. *See* 42 U.S.C. § 1997e(a). Exhausting all the administrative remedies is mandatory, and the requirement must be met prior to filing the complaint, not in conjunction with or after the filing of the complaint. *See Booth v. Chumer,* 532 U.S. 731, 741 (2001) (overruling *Rumbles v Hill,* 182 F.3d 1064 (9th Cir. 1999));

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  *McKinney v. Carey,* 311 F.3d 1198, 1199 (9th Cir. 2002). In order to exhaust his remedies, the
2  prisoner must comply with all of the prison system's procedural rules, including "deadlines and other
3  critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 89-96 (2006). Additionally, the prisoner's
4  grievance must afford the prison officials a full and fair opportunity to address the prisoner's claim
5  before a suit is filed. *Id.* at 90, 93.

6  In Nevada, a prisoner satisfies this requirement when he follows the procedures set forth in
7  Administrative Regulation 740 (doc. #29-2 Exhibit A-1), which requires one formal and two
8  informal levels of review. To implicate a first and second level review, a prisoner must file an appeal
9  to an informal and first level grievance, respectively. *Id.*

10  Here, as evidenced by the inmate issue history (doc. #29-4 Exhibit A-2), plaintiff filed an
11  informal grievance alleging that he was "burned four times on a steel plate cart that was not put in
12  the shade." In response to the grievance, plaintiff was asked to specify when the incident occurred
13  and to propose a remedy. *Id.* However, instead of complying with the request, plaintiff tried to appeal
14  to the first formal level of review. *Id.* As this was the improper step to take, he was informed that
15  he must wait for an informal response before proceeding to the next level. *Id.* Despite this, he failed
16  to comply again by filing another separate informal grievance. *Id.*

17  In his new grievance, he expanded on his first allegation, and asserted that he was burned
18  four or five times more because the officer rushed off before he was seated, and proposed that an
19  apology and $700 for pain and suffering would suffice as a resolution. *Id.* Plaintiff still failed to state
20  the officer's name in his new grievance, and it was returned with a request for the disclosure of the
21  officer's name. *Id.* Once again, rather than complying with the request, plaintiff attempted to appeal
22  to both the first and second levels of review. *Id.*

23  As defendant contends, this does not amount to an exhaustion of remedies as required by 42
24  U.S.C. § 1997e(a). Plaintiff did not follow the procedures, none of the appeals were accepted by the
25  Nevada Department of Corrections, and there was no adjudication of the issues on the merits. *Ngo,*
26  548 U.S. at 90-91. Plaintiff's failure to exhaust all administrative remedies warrants dismissal. 42
27  U.S.C. § 1997e(a). Defendant provides the court with alternative reasons why dismissal is
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

appropriate, but as the court dismisses plaintiff's complaint for failure to exhaust, it need not address the additional grounds for dismissal.

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that defendant officer Rene Galvan's motion for leave to file Exhibit B-1 *in camera* (doc. #28) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant's motion to dismiss/motion for summary judgment (doc. #29) be, and the same hereby is GRANTED.

IT IS THEREFORE ORDERED that the above captioned case be DISMISSED without prejudice against defendant officer Rene Galvan.

DATED May 9, 2011.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -